FILED
SUPERIOR COURT
OF GUAM

2023 AUG 10 PM 3: 28

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

ROSARIO S. BAUTISTA and
MANUEL C. SHOLING,

                 Plaintiffs,

         vs.

FRANCISCO TORRES, Individually and as
the Previous Special Administrator and Now
Executor of the ESTATE OF JESUS U.
TORRES, Deceased, and PETER F. PEREZ,

                 Defendants.

DANIEL U. TORRES and BARBARA M.
DeMELLO, TRUSTEE UNDER THE
ESTEBAN TORRES FAMILY TRUST
DATED MAY 12, 1995,

                 Intervenor Plaintiffs,

         vs.

ROSARIO S. BAUTISTA and
MANUEL C. SHOLING,

                 Defendants,

         and

GLORIA C. SHOLING,

                 Third-Party Defendant.

CIVIL CASE NO. **CV0471-07**

**DECISION AND ORDER**

*Bautista v. Torres*
Case No. CV0471-07
Decision and Order

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on prospective successors Jose S. Bautista and Catherine B. Sholing's Motion for Reconsideration of Substitution Denial Order ("Motion for Reconsideration"). Attorney Wayson Wong represents the prospective successors, and Attorney Mitchell F. Thompson represents Defendant Peter F. Perez. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

This matter arose from a retainer agreement signed on October 15, 1987 ("1987 agreement") between Ms. Ana Sholing ("Ms. Sholing") and Attorney Jesus U. Torres ("Attorney Torres"), in which Attorney Torres would provide legal services to family members in exchange for ten percent (10%) of the monthly rental earnings from the Pacific Island Club Property in Tumon for a period of twenty-five (25) years. Ms. Sholing was the mother of Plaintiffs Manuel Sholing and Rosario Bautista (collectively, "Plaintiffs") and Third-Party Defendant Gloria C. Sholing. Plaintiffs allege improprieties in the handling of their business and financial affairs by Attorney Torres and, following his death, by Defendant Peter Perez ("Defendant Perez").[1] Plaintiffs' remaining claims against Defendant Perez are Count Eight – Breach of Fiduciary Duties; Count Ten – Misrepresentation; Count Eleven – Alternative Misrepresentation; and Count Twelve – Deceptive Trade Practices Act.[2]

On June 4, 2021, a Suggestion of Death on the Record under GRCP Rule 25(a) was filed by Attorney Wong, setting forth that Plaintiffs / Intervention Defendants Rosario S. Bautista and

---

[1] Attorney Torres passed away in August 2002, and Ms. Sholing passed away in September 2005. *Bautista v. Sholing*, 2017 Guam 17 ¶ 7.

[2] The court previously granted summary judgment for Defendant Torres and Defendant Perez, finding that the Plaintiff's claims in the Third Amended Complaint were time-barred or moot. *See* Dec. & Order, Oct. 13, 2014 (Defendant Torres); Dec. & Order, Apr. 17, 2013 (Defendant Perez). On appeal, the Supreme Court of Guam affirmed the grant of summary judgment for Defendant Torres and the grant of summary judgment for Defendant Perez as to counts five through seven. *Bautista v. Torres*, 2020 Guam 28. The Supreme Court reversed the grant of summary judgment for Defendant Perez as to the eighth count and tenth through twelfth counts. *Id.* Count Nine of the Third Amended Complaint was withdrawn by Plaintiffs. (Dec. & Order at 17, Apr. 17, 2013).

Manuel C. Sholing died during the pendency of this action. On July 7, 2021, prospective successors Jose S. Bautista and Catherine B. Sholing (collectively, the "Prospective Successors") filed a Motion to Substitute Parties. On August 4, 2021, Defendant Perez filed his Opposition.[3] On September 1, 2021, the Prospective Successors filed their Reply.

On July 7, 2021, a Suggestion of Death on the Record was also filed by Attorney Wong, setting forth that Defendant Francisco Torres passed away during the pendency of this action.

Subsequently, several motions and pleadings were filed by prospective successor Jose S. Bautista ("Bautista"). On September 1, 2021, Bautista filed a Motion for an Extension of Time. On September 14, 2021, Bautista filed a First Amended Motion for Extension of Time.[4] On September 28, 2021, a Suggestion of Death Upon the Record was filed by Bautista, setting forth that "Jose S. Bautista, as the authorized Special Administrator of the Estate of Rosario S. Bautista . . . suggests upon the record, pursuant to GRCP Rule 25(a)(1), the death of plaintiff and intervention defendant Rosario S. Bautista during the pendency of this action." On September 29, 2021, Bautista filed a Supplemental Substitution Motion. On September 30, 2021, Bautista filed a pleading entitled "First Amended Memorandum in Support of Supplemental Substitution." On October 18, 2021, Bautista filed a First Amended Supplemental Motion. Defendant Perez filed oppositions in response to the motions in addition to a Motion to Strike and Disregard the Declaration of Wayson Wong on September 15, 2021 and a Motion to Strike "Supplemental Substitution Motions" filed by Jose S. Bautista on October 27, 2021.

On July 25, 2022, the Court denied as moot the Motion for Extension of Time filed September 1, 2021; denied as moot the Motion to Strike and Disregard the Declaration of Wayson Wong filed September 15, 2021; denied the First Amended Memorandum in Support of Supplemental Substitution filed September 30, 2021; granted the Motion to Strike "Supplemental Substitution Motions" filed by Jose S. Bautista filed October 27, 2021; and granted in part and

---

[3] Defendant Estate of Jesus U. Torres and Defendant Francisco Torres also joined in Defendant Perez's Opposition to the Motion to Substitute Parties. *See* Deft. Estate of Jesus U. Torres Joinder, Sept. 3, 2021; Deft. Francisco Torres Joinder, Sept. 16, 2021.

[4] This Motion was subsequently withdrawn by Bautista on September 29, 2021. *See* Notice of Withdrawal and Withdrawal of First Amended Motion for Extension.

denied in part the Motion to Substitute Parties filed July 7, 2021. The Court denied the Motion to Substitute Parties as to Counts Ten to Twelve, finding the prospective successors lacked standing to assert the claims and denied the Motion to Substitute Parties as to Jose S. Bautista for the Eighth Count, finding he was not a proper party. The Court, however, granted the Motion to Substitute Parties as to Catherine Sholing for the Eighth Count.

On August 8, 2022, the Prospective Successors filed a Motion for Reconsideration of Substitution Denial Order. On August 16, 2022, Defendant Perez filed a Preliminary Opposition to Motion for Reconsideration and Request for GR 2.1 Sanctions. On August 22, 2022, the Prospective Successors filed their Reply. The Court subsequently found no basis to reconsider its previous decision and order as to the Counts Ten to Twelve regarding standing, but ordered further briefing as to Count Eight and whether Jose S. Bautista is a proper party under Guam Rules of Civil Procedure 25. *See* Order re: Prospective Successors Mot. Reconsideration at 5, Feb. 15, 2023. The Court further directed the parties to address the issue of ratification and whether or not such issue was properly before it for reconsideration. *Id.*

On March 15, 2023, Defendant Perez filed his Memorandum re: Substitution of Jose S. Bautista as a Party Plaintiff and on March 29, 2023, the Prospective Successors filed his Further Reply Memorandum for their Motion for Reconsideration of the Substitution Denial Order.

## DISCUSSION

Motions for reconsideration of trial court decision and orders are typically governed by Superior Court of Guam Local Rule CVR 7.1(i), which provides that:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of
>
> (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,
>
> (2) the emergence of new material facts or a change of law occurring after the time of such decision, or,
>
> (3) a manifest showing of a failure to consider material facts presented to the court before such decision.

No motion for reconsideration shall in any manner repeat oral or written argument made in support of or in opposition to the original motion.

Super. Ct. Guam R. CVR 7.1(i). At issue before the Court is whether or not it erred in denying Prospective Successor Bautista substitution as to the Eighth Count (Breach of Fiduciary Duties) because it "did not consider his status as to her estate's personal representative pursuant to his ratification." (Mot. Reconsider at 9, Aug. 8, 2022; Order Re: Prospective Successors' Mot. Reconsider at 5-6, Feb. 15, 2023).

Under the Guam Rules of Civil Procedure:

(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons. Unless the motion for substitution is made not later than 90 days after death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

(2) In the event of the death of one or more of the plaintiffs or of one or more of the defendants in an action in which the right sought to be enforced survives only to the surviving plaintiffs or only against the surviving defendants, the action does not abate. The death shall be suggested upon the record and the action shall proceed in favor of or against the surviving parties.

Guam R. Civ. P. 25(a). "[B]ecause the Guam Rules of Civil Procedure are generally derived from, although not identical to, the Federal Rules of Civil Procedure ("FRCP"), federal decisions that construe the federal counterparts to the Guam Rules of Civil Procedure are persuasive authority." *Gov't of Guam vs. O'Keefe*, 2018 Guam 4 ¶ 9 (citing *People v. Quitugua*, 2009 Guam 10 ¶ 10). "To substitute a party after death under Rule 25(a)(1), three requirements must be satisfied: (1) the substitution motion must be timely, (2) the pleaded claims must not have been extinguished by death, and (3) the person being substituted must be a 'proper party.'" *Ghazarian v. Republic of Turkey*, 2021 WL 5934476 *1 (C.D. Cal. Nov. 16, 2021) (citation omitted). If Rule 25(a)(1) is met, "[t]he substituted party steps into the same position as the original party." *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996).

In evaluating the Rule 25 factors, the Court previously determined that the substitution motion was timely and that Count Eight – Breach of Fiduciary Duties was not extinguished by death. (Dec. & Order at 13-14, Jul. 25, 2022). The Court found, however, that the third factor was not met for Bautista because he was not a proper party.[5] *Id.* at 14-15. Because the Court struck supplemental motions filed by Bautista after the initial Motion to Substitute was filed, it only considered the basis found in the initial motion which was the purported assignment of claims by his mother, Plaintiff Rosario S. Bautista, and did not consider the fact that after the filing of the initial motion and Defendant Perez's opposition, Bautista was appointed Co-Special Administrator and Personal Representative of his mother's estate by the Circuit Court of the First Circuit State of Hawaii on September 24, 2021 and subsequently named as Co-Personal Representative on October 14, 2021.[6] Thus, Bautista argues, "pursuant to GRCP Rule 17(a), his ratification should have the same effect as if the action or July 7, 2021 substitution motion had been commenced in his name as the proper representative of her estate." (Mot. Reconsideration at 14). Defendant Perez opposes, arguing that Rule 17(a) ratification has no application to Bautista's motion and that Bautista is not a proper party under Rule 25 because he lacks capacity to maintain suit on Guam as a foreign administrator and is not qualified to serve as an ancillary administrator. *See generally*, Mem. re: Substitution of Jose S. Bautista as a Party Plaintiff, Mar. 15, 2023.

Rule 17(a) provides that:

> Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with

---

[5] The Court, however, granted the Motion to Substitute as to Catherine Sholing as to the Eighth Claim, finding that she was a proper party as executrix of her father Plaintiff Manuel C. Sholing's probate matter PR0039-21. (Dec. & Order at 14, Jul. 25, 2022).

[6] The fact that Bautista was appointed Co-Administrator and subsequently Co-Personal Representative of his mother's estate was set forth in declarations attached to a September 30, 2021 First Amended Memorandum in Support of Supplemental Substitution Motion by Jose S. Bautisa and an October 18, 2021 Memorandum in Support of First Amended Supplemental Substitution Motion by Jose S. Bautista. These pleadings were struck by the Court in its July 25, 2022 Decision and Order. *See* Dec. & Order at 7, Jul. 25, 2022. Bautista further sets forth in his declarations that he decided to probate his mother's estate and seek and obtain appointment as her estate's representative to pursue any of such claims that remained in her estate notwithstanding her assignment after Defendant Peter F. Perez raised issues in August 2021 as to whether certain types of her claims were validly assigned to him. (Decl. & Ratification of Jose S. Bautista, First Am. Mem., Sep. 30, 2021).

whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that persons own name without joining the party for whose benefit the action is brought; and when a statute of Guam so provides, an action for the use or benefit of another shall be brought in the name of the Government of Guam. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Guam R. Civ. P. 17(a). The Court is inclined to agree with Defendant Perez that Rule 17(a) does not apply in this matter. Rule 17(a) would control if Bautista's mother was not the proper real party in interest at the commencement of the suit when the Complaint was initially filed. *See, e.g.,* 4 *Moore's Federal Practice 3d,* Section 17.12[1][a], pp. 17-56 (Substitution under Rule 17 is distinguishable from Rule 25, governing substitution of parties. The former applies when proper parties have not been named in the suit, while the latter applies only when the original parties were proper but a subsequent death or incapacity compelled substitution or there was a transfer of interest."). Bautista is seeking to be substituted as a plaintiff due to his mother's passing. The Court thus turns to whether Bautista is a proper party under Rule 25.

Bautista was appointed as a co-administrator for his mother's estate in the State of Hawaii. Under Guam law:

> The effect of a judicial record of a state, territory, commonwealth, possession or trust territory of the United States and the District of Columbia is the same in Guam as in the place where it was made, except that it can only be enforced in Guam by an action, and except, also, that *the authority of a guardian or a committee, or of an executor or administrator, does not extend beyond the jurisdiction of the Government under which the person was invested with his authority.*

6 G.C.A. § 4214 (emphasis added).[7] Thus, while Bautista is an administrator of his mother's estate, because he was appointed by a Hawaii probate court, he lacks the capacity to sue in the

---

[7] California's Code of Civil Procedure similarly sets forth that "[t]he authority of a guardian, conservator, or committee, or of a personal representative, does not extend beyond the jurisdiction of the government under which that person was invested with authority, except to the extent expressly authorized by Article 4 (commencing with

courts of Guam. *See, e.g., Mayer v. Willing,* 16 Cal.Rptr. 476, 477-78 (Cal.App. 1961) ("The italicized portion of this statute is merely a codified expression of the common law rule. . . . Hence it has become an established doctrine that an administrator, appointed in one state, cannot, in his official capacity, sue for any debts due to his intestate in the courts of another state; and that he is not liable to be sued in that capacity in the Courts of the latter, by any creditor, for any debts due there by his intestate."); *Winbigler v. Shattuck,* 195 P. 707, 708 (Cal.App. 1920) ("It is fundamental law that the authority of an executor or administrator does not extend beyond the jurisdiction of the state or government under which he is vested with his authority.").

Bautista has also not been appointed as administrator for any ancillary probate on Guam, however, he sets forth in his further Reply that "if needed, [he] will cause an ancillary probate to be filed in Guam to have Ms. Sholing be the administrator of the estate of his mother in Guam and then move to have her, together with him, as successor as the trustee, or by herself, pursue his mother's claims in this case." (Reply at 4, Mar. 29, 2023). Bautista argues that "[p]ursuant to *Smith,* he should be given the opportunity to petition for the ancillary appointment of Ms. Sholing to be appointed representative of his mother's ancillary estate in Guam and have her pursue these claims." (*Id.* at 5). In *Smith,* the court noted that "an estate representative appointed by a sister state may commence an ancillary administration proceeding in California where the nondomiciliary decedent has property." 132 Cal.Rptr.3d 276, 285 (Cal. App. 2011). The *Smith* court found that while the plaintiff lacked capacity to sue, he "should be given an opportunity to cure the deficiency by petitioning for ancillary administration and then amending the complaint to allege capacity to sue as the ancillary representative." *Id.* The Court will give Bautista an opportunity to petition for the ancillary appointment of Catherine Sholing to be appointed representative of his mother's ancillary estate in Guam and have her pursue the Eighth Claim. *See Smith,* 132 Cal. Rptr. 3d at 286 (finding that plaintiff "should be given an opportunity to petition for ancillary appointment and ask that he, or another individual, be appointed

Section 2011) of Chapter 8 of Part 3 of Division 4 of the Probate Code [Interstate Jurisdiction, Transfer, and Recognition: California Conservatorship Jurisdiction Act] or another statute." Cal. Civ. Proc. Code § 1913 (2016).

*Bautista v. Torres*
Case No. CV0471-07
Decision and Order

representative of an ancillary estate."). Said petition shall be filed within forty-five days of the issuance of this Order. The Court will address the matter of sanctions at a later time.[8]

CONCLUSION

For the foregoing reasons, the Court hereby DENIES IN PART AND GRANTS IN PART the Prospective Successors' Motion for Reconsideration. In accordance with its prior order filed February 15, 2023, the Court denies the Motion for Reconsideration as to Counts Ten to Twelve, but grants the Motion for Reconsideration as to Count Eight.

**IT IS SO ORDERED** this _10th_ day of August, 2023.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

---

[8] Defendant Perez requested for GR 2.1 Sanctions in his preliminary opposition to the Motion for Reconsideration.

*Bautista v. Torres*
Case No. CV0471-07
Decision and Order